UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOLLIS FIFER,

                Petitioner,

v.                                             Case Number: 04-10279
                                                    Honorable David M. Lawson

PAUL RENICO,

                Respondent.
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

The petitioner, Hollis Fifer, a state inmate currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254, alleging that he is in custody in violation of his constitutional rights. He challenges his conviction for armed robbery, Mich. Comp. Laws §750.529, and sentence as a second habitual offender of 12 to 15 years in prison.

The petitioner contends that his conviction is unconstitutional for the following reasons: (1) there was insufficient evidence to support an armed robbery conviction; (2) he is actually innocent of the crimes of which he has been convicted; (3) the jury was denied the opportunity to re-hear and watch video testimony of a witness who served to benefit the petitioner's case and the opportunity to discover how long the robbery took; (4) his sentence is unconstitutional; and (5) he received ineffective assistance of trial counsel. The respondent has filed an answer urging this Court to dismiss the petition for writ of habeas corpus because four of the claims in the petition have not been exhausted properly in the Michigan courts. The Court agrees that the petitioner has not exhausted his state court remedies with respect to claims two through five that he has raised in his petition for writ of habeas corpus. Instead of dismissing the petition without prejudice, the Court will stay the

proceedings under the terms outlined below to permit the petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed. The Court will administratively close the case.

I.

The petitioner was convicted of armed robbery following a jury trial in the Washtenaw County circuit court. On his direct appeal, the petitioner filed a brief through counsel raising the sole issue of whether there was sufficient evidence presented at trial to support his armed robbery conviction. The petitioner's conviction was affirmed by the Michigan Court of Appeals in an unreported decision. *People v. Fifer*, No. 235322, 2003 WL 356357 (Mich. Ct. App. Feb. 18, 2003). The petitioner then filed a *pro se* application for leave to appeal in the Michigan Supreme Court. In the application, he raised the following claims: (1) whether there was insufficient evidence to support an armed robbery conviction; (2) whether the petitioner is actually innocent of the crimes of which he has been convicted; (3) whether the jury was denied the opportunity to re-hear and watch video testimony of a witness who served to benefit petitioner's case and the opportunity to discover the length of time during which the robbery took place; and (4) whether the petitioner's sentence is unconstitutional. The Michigan Supreme Court denied the petitioner's request for leave to appeal. *People v. Fifer*, 469 Mich. 877, 668 N.W.2d 149 (2003).

Thereafter, the petitioner filed the pending petition for writ of habeas corpus, presenting the following claims: (1) whether there was insufficient evidence to support an armed robbery conviction; (2) whether the petitioner is actually innocent of the crimes of which he has been convicted; (3) whether the jury was denied the opportunity to re-hear and watch video testimony of a witness who served to benefit petitioner's case and the opportunity to discover how long the

robbery took; (4) whether the petitioner's sentence is unconstitutional; and (5) whether the petitioner received ineffective assistance of trial counsel. The respondent contends that the petitioner failed to exhaust these claims in the Michigan state courts.

II.

State prisoners must exhaust available state remedies for their claims before a federal court may grant a writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29. The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

A review of the petitioner's state court appellate brief reveals that four of his claims were never presented to the Michigan Court of Appeals and one of his claims was never presented to either Michigan appellate court. The petitioner appears to have raised some of these issues for the first time in his application for leave to appeal to the Michigan Supreme Court. When a petitioner raises a claim for the first time before the state courts on discretionary review, the petitioner has not "fairly presented" the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because the petitioner failed to present these claims in his direct appeal to the Michigan Court of Appeals, his presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement of section 2254.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. Although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

If the Court dismisses the current petition, however, the petitioner will be unable to re-file a petition for writ of habeas corpus following the exhaustion of his issues in the state courts because the one-year statute of limitations for filing his habeas corpus petition will have run. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. section 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*,

346 F.3d 598, 601 (6th Cir. 2003). The statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such a review. *See* 28 U.S.C. § 2244(d)(1)(A). The petitioner's application for leave to appeal was denied by the Michigan Supreme Court on August 29, 2003. The petitioner's conviction became final ninety days later, on November 27, 2003, when the deadline for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). Although the petitioner filed his petition in this Court on October 19, 2004, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, the limitations period expired for the petitioner on November 27, 2004.

Nevertheless, the filing of a defective habeas petition does not preclude federal district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] further proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Duncan*, 533 U.S. at 182-183 (Stevens, J., concurring); s*ee also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (implicitly adopting the course of action recommended by Justice Stevens). The Supreme Court has held that a federal court may stay a "mixed" federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided that there is good cause for the failure to exhaust claims and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277

(2005) (noting that the AEDPA "does not deprive district courts of that authority, but it does circumscribe their discretion"). The Supreme Court specifically recognized that the "stay-and-abeyance" procedure is appropriate where outright dismissal of the petition would jeopardize the timeliness of a future petition. *Id.* at 275. Furthermore, the Supreme Court noted in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), that a petitioner who was in doubt about whether his application for collateral relief in state court was "properly filed" could file a "protective" habeas corpus petition in federal court to preserve its timeliness and have it held in abeyance until state court remedies were exhausted.

The Sixth Circuit has also adopted the reasoning of Justice Stevens in *Duncan v. Walker* where a habeas petitioner raised a single unexhausted claim in his petition. In *Hargrove v. Brigano,* 300 F.3d 717, 718 (6th Cir. 2002), the Sixth Circuit held that a district court acted properly when it dismissed the unexhausted petition without prejudice, ordering that the time during which the petition had been pending in the district court would be equitably tolled when the petitioner refiled his petition after exhaustion. The *Hargrove* court noted that prospective equitable tolling "achieved the same result" as the stay-and-abeyance procedure. *Hargrove*, 300 F.3d at 721. It appears that the stay-and-abeyance procedure is appropriate in this case where the petitioner presents only one exhausted and four unexhausted claims in his timely-filed petition.

In this case, the petitioner alleges that he has good cause for failing to exhaust his habeas claims because appellate counsel failed to present them on direct review and the petitioner, who is unlearned in the law, apparently was unaware of the issues that were raised in his appellate brief. The Court is satisfied that good cause has been shown for the failure to exhaust. *See Pace*, 544 U.S. at 416 (holding that a petitioner's reasonable confusion regarding state filing requirements will

ordinarily constitute good cause for him to file in federal court). The Court further is satisfied that the claims are potentially meritorious and that the petitioner has not engaged intentionally in dilatory tactics. *See Rhines*, 544 U.S. at 278.

To avoid injustice, the Court will allow the petitioner to return to state court to exhaust his unexhausted claims and the Court will stay further proceedings in the current action, provided that the petitioner acts promptly. When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that the petitioner does not delay in exhausting his state court remedies, the Court imposes upon the petitioner time limits within which he must proceed. *See Palmer*, 276 F.3d at 781. The petitioner must present his claims in state court within fifty-six days from the date of this Order. *See id*. Further, he must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies. *See id*. "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781.

The Michigan Court Rules furnish a process by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment in the Washtenaw County circuit court pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. To obtain relief in state court, he will have to show cause for failing to raise his

unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. The petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

III.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **HELD IN ABEYANCE**. The petitioner may file a motion for relief from judgment with the state trial court on or before **May 31, 2007**. Alternatively, the petitioner may file an amended petition for writ of habeas corpus in this Court by that date deleting the unexhausted claims. If the petitioner fails to file a motion for relief from judgment or an amended petition by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

If the petitioner files a motion for relief from judgment in the trial court, he shall notify this Court that such papers have been filed. The case shall then be held in abeyance pending the petitioner's exhaustion of the unexhausted issues. The petitioner shall file an amended petition in this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one (21) days** thereafter.

If, and when, the petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson<br>
DAVID M. LAWSON

Dated: April 4, 2007                    United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 4, 2007.

s/Felicia M. Moses<br>
FELICIA M. MOSES